1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   IVONNE CURIEL,

11            Plaintiff,                   No. CIV S-08-0164 MCE DAD PS

12       vs.

13   WASHINGTON MUTUAL BANK,          FINDINGS AND RECOMMENDATIONS
     et al.,
14
              Defendants.
15   _____/

16          Plaintiff, proceeding pro se, has filed a case identified on the civil cover sheet as a

17   foreclosure suit.  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  Accordingly, the proceeding has been referred to the undersigned in pursuant to Local

19   Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

20          Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil

21   action in a federal district court.  28 U.S.C. § 1914(a).  The district court may authorize the

22   commencement of an action without prepayment of fees or security therefor by an individual who

23   submits an affidavit demonstrating his or her inability to pay such fees or give security therefor.

24   28 U.S.C. § 1915(a).

25          Here, plaintiff declares in her forma pauperis application that she is currently

26   employed and earns $3,800.  Plaintiff fails to state whether she earns that amount in a week, a

                                            1

1    month or a year.  She states that she has $395 in cash or checking or saving accounts and owns

2    real estate in Dixon, California valued at $560,000.  Although plaintiff alleges that she supports

3    her mother, daughter, and granddaughter, she fails to indicate how much she contributes to their

4    support.  Plaintiff's incomplete application fails to demonstrate inability to pay the filing fee.

5    Accordingly, the application should be denied.  See Olivares v. Marshall, 59 F.3d 109, 112 (9th

6    Cir. 1995); Alexander v. Carson Adult High Sch., 9 F.3d 1448, 1449 (9th Cir. 1993).

7              Ordinarily, the undersigned would deny plaintiff's in forma pauperis application

8    with leave to file an amended application that provides more information about plaintiff's

9    income and assets, as well as the amount of support provided to other persons.  However, the

10   determination that a plaintiff may proceed in forma pauperis does not complete the required

11   inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis

12   case at any time if the court determines that the allegation of poverty is untrue or that the action

13   is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

14   relief against an immune defendant.

15             A case is frivolous when it lacks an arguable basis either in law or in fact.

16   Neitzke v. Williams, 490 U.S. 319, 325 (1989);  Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

17   699 (9th Cir. 1990).  Under this standard, a court must dismiss a claim as frivolous where it is

18   based on an indisputably meritless legal theory or where the factual contentions are clearly

19   baseless.  See Neitzke, 490 U.S. at 327; see also 28 U.S.C. § 1915(e).

20             To state a claim on which relief may be granted, the plaintiff must allege "enough

21   facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, ___

22   U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).  In considering whether a complaint states a

23   cognizable claim, the court accepts as true the material allegations in the complaint and construes

24   the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S.

25   69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v.

26   United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

—

1    Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

2 Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court is not required to accept as true

3 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

4 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

5    Although the Federal Rules adopt a flexible pleading policy, a complaint must

6 give the defendants fair notice of the plaintiff's claims and must allege facts that state the

7 elements of the claims plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community

8 Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  The plaintiff must allege with at least some

9 degree of particularity overt acts which the defendants engaged in that support the plaintiff's

10 claims.  733 F.2d at 649.

11    Here, plaintiff identifies herself variously as "Injured Third Party Intervenor,"

12 "Sramineus Homo, US Vessel, Libellant," and "Lien Holder of the Vessel, the Real Party In

13 Interest, Lawful Woman, Injured Third Party Intervener [sic]/Petitioner/Libellant."  The

14 defendants are identified as "Washington Mutual, US Vessel Does, Roes, and Moes 1-100,"

15 "libellees," and "US Vessels Individually and Severally Third Party Defendants/Libellees."  The

16 pleading is titled "Petition for Libel of Review of an Administrative Judgment."  After a series of

17 nonsensical phrases, the pleading presents a paragraph headed "Jurisdiction," in which plaintiff

18 purportedly makes a "Restricted, Special Appearance, pursuant to Special Procedures in

19 Admiralty, Rule E(8), . . . filing this Petition, for Judicial Review of an Administrative Judgment

20 pursuant to Rule 57 FRCP."  Turning to the end of the complaint, the court finds a prayer for

21 relief in which plaintiff asserts that a contract has been violated and demands enforcement of

22 unspecified administrative findings.  Plaintiff seeks a large sum of damages and cancellation of

23 liens recorded by Washington Mutual Bank against property in Arizona.[1]

24 /////

25 _____

26    [1] Plaintiff's in forma pauperis application does not allege ownership of property in
Arizona.

1    The court is unable to find any indication that plaintiff received an administrative

2   judgment that is subject to judicial review.  Nor is there any apparent basis for admiralty

3   proceedings or a cognizable claim arising from a foreclosure.  Moreover, the court is unable to

4   discern any basis for venue in the Eastern District of California.  Plaintiff, who resides in San

5   Francisco, California, has sued a defendant apparently located in Arizona.  There is no indication

6   that plaintiff's real estate in Dixon, which is located in this judicial district, is in foreclosure or

7   that any events involving a contract with Washington Mutual Bank occurred in this district.

8    Finally, this court takes judicial notice of an action filed by plaintiff in the United

9   States District Court for the Northern District of California:  <u>Ivonne Curiel v. Accredited Home</u>

10  <u>Lenders, Inc.</u>, case No. 3:08-cv-0206 MMC (N.D. Cal. 2008).[2]  That case was commenced on

11  January 11, 2008, with a pleading bearing the same title as the pleading in this case, i.e., "Petition

12  for Libel of Review of an Administrative Judgment."  On January 17, 2008, the Northern District

13  court reviewed plaintiff's complaint and found that

14    . . . Curiel's complaint falls within the category of
      pleadings identified in §§ 1915(e)(B)(i) and (ii) [complaints that
15    are frivolous or malicious, and complaints that fail to state a claim
      on which relief may be granted].  Curiel, an individual who has
16    named a lending institution as a defendant, alleges "all parties are
      U.S. Vessels and fit the legal definition of a U.S. Vessel . . . and
17    additional allegations of a similar nature.  Curiel fails, however, to
      allege any facts that could state a claim under either state or federal
18    law.  Further, and contrary to the title of Curiel's pleading, Curiel
      fails to allege the existence of an administrative decision, let along
19    a decision that a court has jurisdiction to review.

20  (Order filed Jan. 17, 2008, in case No. C-08-0206 MMC, at 2.)  Plaintiff's complaint was

21  dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and her in forma pauperis application was

22  denied as moot.  (<u>Id.</u>)  One week later, plaintiff filed the present case.

23  ───────────

24    [2] A court may take judicial notice of documents filed in other courts.  <u>See</u> <u>Reyn's Pasta</u>
    <u>Bella, LLC v. Visa USA, Inc.</u>,442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of
    documents related to a settlement in another case that bore on whether the plaintiff was still able
25  to assert its claims in the pending case); <u>Burbank-Glendale-Pasadena Airport Auth. v. City of</u>
    <u>Burbank</u>, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state
26  court case where the same plaintiff asserted similar and related claims).

1    The undersigned finds that this action, like the action in the Northern District of

2 California, is frivolous and fails to state any claim on which relief may be granted.  Plaintiff has

3 again failed to establish that there is any administrative decision that the court has jurisdiction to

4 review.  In addition, plaintiff has not alleged facts showing that venue is proper in this district.

5    Accordingly, IT IS HEREBY RECOMMENDED that:

6    1.  Plaintiff's January 24, 2008 application to proceed in forma pauperis be

7 denied; and

8    2.  This action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

9    These findings and recommendations are submitted to the United States District

10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10)

11 days after being served with these findings and recommendations, plaintiff may file written

12 objections with the court.  A document containing objections should be titled "Objections to

13 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

14 objections within the specified time may waive the right to appeal the District Court's order.  See

15 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16 DATED: February 29, 2008.

17

18    _____

    DALE A. DROZD

19    UNITED STATES MAGISTRATE JUDGE

20 DAD:kw
   Ddad1\orders.prose\curiel0164.f&r.ifp.den

21

22

23

24

25

26